# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 868 | **DATE** | 12/2/2004 |
| **CASE TITLE** | USA vs. KENYARDY WILLIAMS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to quash warrant and suppress evidence [doc. no. 9-1,2] is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 03 2004 | |
| ✓ | Docketing to mail notices. | | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | CG courtroom deputy's initials | 2004 DEC -2 PM 2:46  date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 04 CR 868 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| KENYARDY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |



DOCKETED
DEC 3 2004

## MEMORANDUM OPINION AND ORDER

Before us is defendant's Motion to Quash Warrant and Suppress Evidence. The facts are not in dispute. On April 3, 2004, pursuant to a search warrant issued on April 2, 2004, police entered the residence located at 5535 South Normal Street in Chicago, Cook County, Illinois and conducted a search of the premises. Seized pursuant to this search were controlled substances, guns, and other assorted contraband and evidence. Defendant is now charged with possession of these items.

The search warrant complaint is somewhat unusual in that, although it is written from the point of view of Officer Enrique Pacheco, both the search warrant and the sworn complaint for the search warrant name an anonymous informant denominated as "J. Doe," as the complainant.

1

The complaint for the search warrant is signed and sworn to by the complainant, J. Doe. Defendant bases his motion to quash the warrant on a lack of probable cause due to staleness of the information in the warrant complaint. The complaint sets forth that Officer Enrique Pacheco received information from J. Doe on March 31, 2004. The information related to J. Doe's observations which occurred sometime "in the past week". J. Doe related, under oath, that on that occasion sometime in the past week he met with Kenyardy Williams, in Williams' bedroom at the single family residence located at 5525 South Normal, Chicago, Cook County, Illinois and further, that the defendant was known to J. Doe to have lived at that address for the past 15 years. While there, the defendant and J. Doe smoked weed, and the defendant, Williams, showed J. Doe two black 9 mm handguns which he placed on the bed. Williams also showed J. Doe where he kept the weapons under his mattress. J. Doe also stated that the defendant, Kenyardy Williams, told him that he (Kenyardy Williams) keeps the guns there for protection because he sells drugs on that block. J. Doe identified an arrest photo of the defendant and also identified the single-family residence located at 5525 South Normal as the place in which his observations and conversation occurred. Finally, Officer Enrique Pacheco conducted a criminal history check of the defendant, and learned that the defendant has a prior conviction for Aggravated Unlawful Use of a Weapon. Based upon this information the judge issued a search warrant.

The warrant was issued on April 2, 2004. Defendant argues incorrectly that the warrant establishes that Officer Enrique Pacheco received his information on March 21, 2004 and that, therefore, the events and observations related by J. Doe as having occurred sometime "in the past week" might have occurred as early as March 14, 2004, almost 20 days before the execution of

the warrant. However, the warrant complaint clearly establishes that Officer Pacheco received the information from J. Doe on March 31, 2004, not March 21, 2004. March 31, 2004 was a Wednesday. A literal interpretation of the language, "in the past week" in the warrant complaint would mean that some time in the week before, which would be the week commencing March 21, 2004, J. Doe made his observations. That means, that at most the information upon which the warrant was based was 13 days old at the time the warrant issued. The question before this Court, then, is whether or not under these circumstances, such a period of time renders the information stale. We think not.

Our duty here is simply to determine whether, based on all of the evidence presented, the issuing Judge had a substantial basis for concluding that the contraband described in the search warrant complaint was to be found on the premises authorized to be searched at the time the search warrant issued. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Clearly a substantial basis existed for this determination. First, the information was, at most, 13 days old. Second, the contraband, two 9 mm handguns, was not the type of object one would expect to be readily moved or disappear overnight. Third, the information given in the sworn complaint for search warrant was that this is where the weapons were regularly hidden, not just where they happened to be seen on that particular occasion. Fourth, the reason for keeping the weapons, for protection of defendant's drug selling activities in that very block, and the fact of the defendant's long time residence at that location give reasonable cause to believe that the weapons would still be there. There is no information in the sworn complaint to lead one to the conclusion that the reason for the guns to be at that location, *i.e.*, to protect the defendant in his drug selling activities on that very block, was likely to have ceased to exist at the time the warrant was issued. The more

3

reasonable determination is that the there was a reasonable likelihood that the weapons were still being kept at that location a few days later when the warrant issued. The issuing judicial officer was well within the parameters of a practical, common sense decision based on the specific facts and circumstances before him. *Id.* Certainly, his decision can not be deemed to be "clear error". *United States v. Pless*, 982 F.2d 1118, 1124 (7th Cir. 1992).

There is no plausible attack on the reliability of the information in the search warrant itself or the credibility of the informant. As pointed out in the government's response to the motion, the complainant's observations were personal, detailed, and included statements against his own self interest. The identity of the defendant and the premises was independently corroborated and the confidential informant, J. Doe, was present and signed and swore to the complaint for the search warrant before the issuing judge. Thus, the complaint does not rely on hearsay, but rather it contains the sworn, first-hand observations and knowledge of the complainant himself.

Even if the defendant were to establish that the warrant was invalid for lack of probable cause, the good faith exception to the exclusionary rule would apply. There is nothing in the record before us to rebut the inference of good faith which stems from the officer's decision to take his facts to a judicial officer and obtain his approval in the form of a search warrant. The officer's willingness to bring his confidential informant before the judge to personally swear to the facts in the complaint is further evidence of the officer's good faith. Absent evidence that he

4

knew, or should have known, that the warrant was illegally issued, the officer was entitled to rely on the warrant.

Finally, we find that there is no *Franks v. Delaware*, 438 U.S. 154 (1978), issue in this case. The defendant's filings fail to set forth definite, specific, detailed and non-conjectural facts that would tend, if true, to establish that there is a false or misleading statement or omission in the affidavit, or that the agent or person swearing out the affidavit made any such false statement with knowledge or reckless disregard for the truth. Thus, there is no basis for an evidentiary hearing.

The motion to quash the search warrant and suppress the evidence is **denied**.

**SO ORDERED**             ENTER: 12/2/04

RONALD A. GUZMAN
U.S. District Judge