

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| KENYARDY WILLIAMS, | ) | 04 CR 868 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In his May 26, 2005 report and recommendation ("R&R"), Magistrate Judge Keys recommended that the Court grant defendant Kenyardy Williams' supplemental motion to suppress certain evidence seized by the police. The Government has filed objections to the R&R. For the reasons set forth below, the Court overrules the Government's objections, adopts the Magistrate Judge's R&R and grants the supplemental motion to suppress.

### Background

On March 31, 2004, a confidential informant told Chicago police officer Enrique Pacheco that defendant had two handguns in the house at 5525 S. Normal in Chicago and sold drugs on that block. (R&R at 1.) Thereafter, Officer Pacheco obtained a warrant to search the house for "[i]llegal firearms, ammunition, any documents showing residency." (*Id.* at 1-2.)

On April 3, 2004, the police executed the warrant. (*Id.* at 2.) In a bedroom on the second floor of the house, the police found men's clothing, as well as mail and a state identification card bearing defendant's name. (*Id.*) In the same room, the police found weapons, ammunition, drugs, drug paraphernalia, a Mickey Cobra gang manifesto and a walking stick with a Mickey Cobra

insignia. (*Id.*) Defendant was subsequently charged with possession of controlled substances and guns. (*Id.*)

In his supplemental motion to suppress, defendant argued that the seizure of the manifesto and the walking stick exceeded the scope of the warrant. The Government responded that the items were properly seized as proof of residency of the bedroom in which they were found and because they were in plain view. Magistrate Judge Keys agreed with defendant and recommended that his motion be granted. The government has filed timely objections to the Magistrate Judge's R&R, urging the Court to reject it.

## Discussion

The Court must make a *de novo* determination as to the portions of the R&R to which the government objects. 28 U.S.C. § 636(b)(1). The government's first argument is that defendant has no expectation of privacy in the house at 5525 S. Normal and, thus, no standing to contest the search. The government did not raise this issue before the Magistrate Judge. Standing to contest a search "is rooted in the substantive law of the Fourth Amendment and not Article III." *United States v. Price*, 54 F.3d 342, 346 (7th Cir. 1995). As a result, the government can waive its standing objection. *Id.* By failing to raise it before the Magistrate Judge, that it is exactly what the government did. *See id.* (government waived standing argument by failing to raise it before the district court); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (affirming district court's refusal to consider an argument that had not been presented to the magistrate judge because appellant "was not entitled to a *de novo* review of an argument [he] never raised"). The government's standing objection is, therefore, overruled.

Next, the government argues that seizure of the manifesto and walking stick, which bear the insignia of an all-male gang, was authorized by the warrant. In the government's view, those items

2

show that defendant, rather than his female relatives, occupied the bedroom in which they were found. Thus, the government says they fall into the category of "proof of residency," which the warrant authorized it to seize. Like the Magistrate Judge, we disagree.

The police seized mail and an identification card with defendant's name on them as proof of residency. Unlike those items, the manifesto and walking stick do not bear plaintiff's name. Consequently, they suggest that a male lived in the house but not that this defendant was that particular male. Permitting the police to seize those items, which identify gender and nothing more, as proof of residency would gut the Fourth Amendment's particularity requirement. *See Maryland v. Garrison*, 480 U.S. 79, 84 (1987) (stating that the Fourth Amendment's particularity requirement "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit."); *United States v. Reed*, 726 F.2d 339, 342 (7th Cir. 1984) (noting that a warrant for proof of residency "does not authorize a general search of personal papers"). The Magistrate Judge correctly concluded that seizure of the manifesto and the walking stick exceeded the scope of the warrant.

Even if those items fall outside the warrant, the government says their seizure was authorized by the plain view doctrine. That doctrine allows an officer to seize items not listed in a warrant if: 1) he was lawfully present at the search site; 2) the items were in his plain view; and 3) he had probable cause to believe the items were linked to criminal activity. *United States v. Bruce*, 109 F.3d 323, 328 (7th Cir. 1997).

Defendant concedes that the police were lawfully present at 5525 S. Normal and that the manifesto and walking stick were in plain view. He argues, however, that the police did not have probable cause to believe that those items were linked to criminal activity. The government asserts that the "items [seized were] linked to . . . the illegal possession of firearms and narcotics trafficking," (Gov't's Obj. R&R at 3), but it does not explain how a book and a walking stick

3

indicate gun ownership or drug sales. Certainly, those items suggest gang membership, but gang membership itself is not illegal. Moreover, though evidence of gang membership may be admissible to show motive or bias or to prove conspiracy, (*see* Gov't's Obj. R&R at 3-4 (citing cases)), none of those issues is present here. Defendant is charged with: (1) possessing with the intent to distribute crack; (2) being a convicted felon in possession of firearms that were transported in interstate commerce; and (3) possessing a firearm in furtherance of a drug trafficking crime. (*See* Indictment); 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A); 21 U.S.C. § 841(a)(1). Defendant is not charged with being part of a conspiracy, and motive is not an element of the crimes with which he is charged. Absent some connection between the manifesto, the walking stick and the crimes charged, which the government has not provided, its plain view argument is doomed. The Magistrate Judge correctly ruled that those items are not admissible under the plain view doctrine.

## Conclusion

For the foregoing reasons, the Court overrules the government's objections to the Magistrate's May 26, 2005 R&R, adopts the R&R in its entirety and grants defendant's supplemental motion to suppress [doc. no. 52] the Mickey Cobra gang manifesto and the Mickey Cobra walking stick seized from the residence at 5525 S. Normal on April 3, 2004.

**SO ORDERED.**                          **ENTERED:** 8/18/05

**HON. RONALD A. GUZMAN**
**United States District Judge**